Filed 3/4/14  P. v. Garcia CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ABEL GARCIA,<br><br>    Defendant and Appellant. | B248468<br><br>(Los Angeles County<br>Super. Ct. No. VA043162) |

THE COURT:*

Abel Garcia appeals from an order after judgment, denying his motion to modify his sentence and restitution fines.  Appellant argued the sentencing court lacked jurisdiction and the restitution fines were unauthorized.  The trial court denied appellant's motion, stating there was no legal basis to modify the sentence or restitution fines.

---

\*    BOREN, P. J ., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*Procedural background*

On June 29, 1998, appellant pled guilty to possession of a firearm by a person previously convicted of a felony (Pen. Code, § 12021, subd. (a) (1))[1] (Los Angeles Sup. Ct. case No. VA043162). The trial court sentenced appellant to three years in prison, suspended execution of the sentence and placed him on probation for five years subject to certain terms and conditions which included paying a restitution fine in the amount of $200.

On August 27, 1999, appellant admitted to violating his probation. Probation was reinstated subject to the requirement that appellant enter a residential treatment program. Appellant was released from custody. The trial court was unaware that appellant had committed a criminal act on August 20, 1999.

On September 16, 1999, appellant was charged with one count of burglary (§ 459), and one count of robbery (§ 211) (Los Angeles Sup. Ct. case No. SA036808).

On October 15, 1999, appellant's probation was revoked in case No. VA043162 based on the filing of case No. SA036808. The trial court decided that the two cases should be heard together and appellant was taken into custody.

On November 5, 1999, appellant admitted violating his probation and the trial court revoked appellant's probation and sentenced him to three years in state prison. The trial court also held that the sentence should run concurrent with any sentence imposed in case No. SA036808. The abstract of judgment filed in case No. VA043162 indicated a restitution fine imposed on appellant under section 1202.4, subdivision (b).

On April 20, 2012, appellant filed a motion to modify his sentence and restitution fines in case No. VA043162. Appellant argued the trial court did not have jurisdiction on October 15, 1999, to revoke his probation and impose a sentence based on his commission of a crime on August 20, 1999, because at the time the court reinstated his probation on August 27, 1999, the crime had been committed. He also argued the parole

---

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

revocation fines were unauthorized. Appellant also raised an ineffective assistance of counsel claim.

On April 16, 2013, the trial court denied appellant's motion, and appellant filed a timely notice of appeal from the ruling.

We appointed counsel to represent him on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On October 15, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.